UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**PETER TAYLOR,**

                              **Plaintiff,**

           v.                                         **9:07-CV-253**
                                                              **(NAM/DRH)**

**TERENCE DUNLAP, D.E.A. Agent; PAUL D. SILVER,**
**A.U.S.A.; and WILLIAM MCDERMOTT, D.E.A. Agent,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

PETER TAYLOR
11967-052
Ray Brook Federal Correctional Institution
Post Office Box 9000
Ray Brook, New York 12977
Plaintiff *Pro Se*

HON. ANDREW T. BAXTER, United States Attorney
BARBARA D. COTTRELL, ESQ., Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2924
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff, an inmate in the custody of the Federal

Bureau of Prisons, alleges that defendants, two Drug Enforcement Administration (DEA) agents

and an Assistant United States Attorney, violated his constitutional rights under the Eighth and

Fourteenth Amendments.  Defendants move (Dkt. No. 47) to dismiss plaintiff's amended

complaint (Dkt. No. 8) or for summary judgment.  Defendants' motion was referred to United

States Magistrate Judge David R. Homer for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

Magistrate Judge Homer has submitted a Report and Recommendation (Dkt. No. 53) recommending that defendants' summary judgment motion be granted. Plaintiff has filed an Objection (Dkt. No. 54) to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report and recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993). Given the nature of plaintiff's objections, the Court conducts *de novo* review.

The Court adopts Magistrate Judge Homer's summary of the record. Essentially, plaintiff's amended complaint (Dkt. No. 8) claims that he was arrested on drug and weapons charges on April 4, 2003, by defendants Terence Dunlap and William McDermott, D.E.A. Agents. On February 4, 2004, plaintiff and his attorney met with Dunlap, McDermott, and defendant Paul D. Silver, Assistant United States Attorney. According to plaintiff, Silver assured him at the meeting that any information he might give would remain confidential. Plaintiff claims that on various occasions in 2004 and 2005 he heard from others that defendants had disclosed that plaintiff cooperated with the government. Plaintiff entered a guilty plea on August 9, 2005. The amended complaint further states that on or about June 2006, another inmate called plaintiff a "snitch," and on or about October 12, 2006, another inmate called him a snitch, punched him, and

threatened to stab him.  Plaintiff was placed in protective custody and in January 2007 was transferred to a different prison "for safety."  The amended complaint claims that, by disclosing plaintiff's cooperation with the government, defendants were deliberately indifferent to plaintiff's health and safety, subjected him to cruel and unusual punishment, violated the Fourteenth Amendment, and otherwise deprived plaintiff of his constitutional rights.  Plaintiff adds in his papers in opposition to this motion that on September 25, 2008, another inmate attacked and stabbed him.

Defendants' motion insofar as it seeks dismissal on the pleadings, Fed. R. Civ. P. 12(c), is judged by the same standard as a motion to dismiss the complaint for failure to state a cause of action. Fed. R. Civ. P. 12(b)(6).  To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,__, 127 S.Ct. 1955, 1974 (2007)).  The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations."  *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.  *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Under the Eighth Amendment's prohibition of cruel and unusual punishment, prison officials are required to take reasonable measures to guarantee the safety of inmates in their custody, including measures to protect them from violence at the hands of other inmates.  *See*

*Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996); *see also Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Here, as Magistrate Judge Homer points out, defendants were not prison officials, nor were they plaintiff's custodians; thus, plaintiff can state no Eighth Amendment claim against them.

Plaintiff's claims regarding the period when he was a pretrial detainee are properly evaluated under the Due Process Clause, not the Eighth Amendment.[1] *See Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003) (stating that a person lawfully committed to pretrial detention has not been adjudged guilty of any crime, and thus, under the Due Process Clause, may not be punished in any manner); *accord Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). Because defendants were not plaintiff's custodians, they cannot be found to have imposed custodial conditions that amount to punishment, nor can they be found to have demonstrated deliberate indifference to plaintiff's right to care and protection while in custody.[2] *See Benjamin*, 343 F.3d at 50-51.

Upon *de novo* review, accepting as true all of plaintiff's allegations in his amended complaint and other submissions, and interpreting them to raise the strongest arguments they suggest, the Court finds that plaintiff does not state a plausible claim to relief under the Eighth Amendment, the Due Process Clause, or any other constitutional provision. Thus, defendants are entitled to dismissal of the amended complaint on the ground of failure to state a claim. Fed. R. Civ. P. 12(c).

---

[1] Any due process claim would necessarily be a Fifth Amendment claim; the Fourteenth Amendment applies only to the states, not to federal defendants. *District of Columbia v. Carter*, 409 U.S. 418, 423-24 (1973).

[2] Although presumably defendants Dunlap and McDermott took custody of plaintiff when they arrested him, none of his claims relate to that custody.

In light of the above, the Court does not reach the question of whether to grant summary judgment. Nor does the Court reach the question of qualified immunity. The Court notes also that all claims against defendants in their official capacities must be dismissed on the ground of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 53) is accepted in part in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that defendants' motion (Dkt. No. 47) insofar as it seeks dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(c) is granted; and it is further

ORDERED that the amended complaint is dismissed and the case closed.

IT IS SO ORDERED.

Date:  March 11, 2009

_____
Norman A. Mordue
Chief United States District Court Judge